UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMD FAMILY FOUNDATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JAMES LEECH, et al.,<br><br>    Defendants. | Case No. 16-cv-04967-JCS<br><br>**REPORT AND RECOMMENDATION RE SUA SPONTE REMAND** |

## I. INTRODUCTION

Defendants James and Janeen Leach, pro se, removed this unlawful detainer action from state court on the basis of federal question jurisdiction. The undersigned recommends that this case be REMANDED sua sponte to the Superior Court of California for the County of Alameda. Because the parties have not consented to the jurisdiction of a United States magistrate judge, this case will be reassigned to a United States district judge for further proceedings, including action on these recommendations. Any party may file objections to these recommendations within fourteen days of being served with a copy of this Report.

## II. ANALYSIS

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive*

*Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant's Notice of Removal invokes federal question jurisdiction.  *See* Notice of Removal at p. 9.  Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Caterpillar*, 482 U.S. at 393.

Here, the Complaint alleges only violations of California state law. The federal statutory and constitutional provisions that Defendants invoke in the Notice of Removal are federal defenses, which do not provide a basis for removal.  *See Caterpillar*, 482 U.S. at 393.  The undersigned therefore finds no basis for federal jurisdiction, and recommends that the case be remanded.[1]

---

[1] The Court notes that Defendants expressly state in the Notice of Removal that federal jurisdiction is not based on diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal at 9. In any event, Defendants could not properly remove the action to federal court from California state court on the basis of diversity because it is apparent from the Notice of Removal that Defendant James Leach is a local defendant.  *See* 28 U.S.C. § 1441(b)(2).

### III. CONCLUSION

For the reasons stated above, the undersigned recommends that this action be REMANDED to the California Superior Court for Alameda County.  **The Court vacates the December 2, 2016 Case Management Conference.**

Dated: October 11, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

3